## STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**JAY E. CLEGG,**
**Claimant Below, Petitioner**

**FILED**

November 1, 2019
**EDYTHE NASH GAISER**, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)    No. 18-0942** (BOR Appeal No. 2052842)
                    (Claim No. 2009082115)

**OHIO POWER COMPANY,**
**Employer Below, Respondent**

### MEMORANDUM DECISION

Petitioner Jay E. Clegg, by Counsel J. Robert Weaver, appeals the decision of the West Virginia Workers' Compensation Board of Review ("Board of Review"). Ohio Power Company, by Counsel Henry C. Bowen, filed a timely response.

The issue in this case is whether or not Mr. Clegg is entitled to receive hand therapy as requested by his treating physician due to pain and other upper extremity limitations related to his compensable claim. The claims administrator denied Mr. Clegg's request for occupational therapy in an Order dated January 16, 2018. On April 17, 2018, the Workers' Compensation Office of Judges ("Office of Judges") reversed the claims administrator's decision and approved hand therapy for Mr. Clegg. This appeal arises from the Board of Review's Final Order dated September 24, 2018, in which the Board reversed and vacated the April 17, 2018, Order of the Office of Judges. The Board of Review reinstated the claims administrator's decision. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Clegg filed a claim for bilateral carpal tunnel syndrome and bilateral ulnar nerve lesion as the result of working many years of repetitive motion work for Ohio Power Company. The report of occupational injury was signed by L. W. deGarmeaux, D.C., his treating physician, who indicated that Mr. Clegg had incurred an occupational disease. During litigation of the claim, Mr.

1

Clegg received multiple permanent partial disability awards. Initially, Mr. Clegg was awarded a 5% permanent partial disability award based upon a decision by the Office of Judges on July 29, 2011. The Office of Judges awarded Mr. Clegg a 5% award based upon a December 3, 2010, report of ChuanFang Jin, M.D. The 5% award was protested and was eventually affirmed by this Court.[1]

On June 15, 2016, Mr. Clegg requested reopening his claim for additional permanent partial disability. By Order of July 19, 2017, his request was acknowledged and he was referred to Dr. Jin for a second evaluation. Dr. Jin examined Mr. Clegg on August 30, 2016, for bilateral ulnar neuropathy and to assess Mr. Clegg's post-surgery status. Dr. Jin found that Mr. Clegg had reached his maximum degree of medical improvement and using the American Medical Association's *Guides to the Evaluation of Permanent Impairment* (4th ed. 1993), found that Mr. Clegg had 1% whole person impairment in each hand, for 2% whole person impairment related to ulnar neuropathy that was surgically decompressed. Based upon the findings of Dr. Jin, the claims administrator granted Mr. Clegg a 2% permanent partial disability award on January 30, 2017. Mr. Clegg protested the claims administrator's award.

In support of his protest, Mr. Clegg submitted the May 4, 2017, report of Bruce Guberman, M.D. Dr. Guberman opined that Mr. Clegg had reached his maximum degree of medical improvement and recommended a rating of 26% whole person impairment.

On November 22, 2017, Dr. deGarmeaux requested authorization for a consultation and upper extremity physical therapy. On December 7, 2017, a request was submitted by Dr. deGarmeaux to the claims administrator requesting approval for a referral to the Wheeling Hospital Hand Therapy Center for occupational therapy regarding his compensable injuries. This request was denied by the claims administrator in an Order dated January 16, 2018. Mr. Clegg protested the claims administrator's denial of the request for a consultation and treatment.

Mr. Clegg was treated at the Wheeling Hospital Hand Therapy Center on November 29, 2017. Office notes indicate that he presented for treatment complaining of numbness in his small and ring fingers bilaterally, but worse on the left side. He also reported a pulling sensation in all of his fingers when making a fist. Mr. Clegg reported a nine to ten year history of numbness, tingling and pain bilaterally in his upper extremities. Lydia Estep, an occupational therapist, completed a comprehensive examination of Mr. Clegg's upper extremities including his range of motion limitations and muscle power impairments. Mr. Clegg also attended hand therapy with Ms. Estep on December 6, 2017, where he reported that he was experiencing pain in his thumbs and wrists after using a chain saw over the previous weekend. In an Occupational Therapy Note dated December 13, 2017, Ms. Estep noted that Mr. Clegg reported upper extremity pain and left shoulder pain at night and numbness after using a computer. He reported on December 20, 2017, that his pain was a little better following treatment. Mr. Clegg was still experiencing shoulder pain.

---

[1] *See Clegg v. Ohio Power Company*, No. 12-0218, 2013 WL 5989191 (W. Va. Nov. 7, 2013) (memorandum decision), (affirming the granting of a 5% permanent partial disability award based upon Dr. Jin's report).

The claims administrator received a request from Dr. deGarmeaux for a referral for hand occupational therapy at the Wheeling Hospital Hand Therapy Center on December 7, 2017.

Mr. Clegg was examined by Prasadarao Mukkamala, M.D., for an independent medical evaluation on December 13, 2017. Dr. Mukkamala determined that Mr. Clegg had reached his maximum degree of medical improvement, and he was not in need of any further treatment. Dr. Mukkamala determined that impairment was about the same for the right and left upper extremities. He found 3% whole person impairment for carpal tunnel syndrome/median nerve neuropathy and 1% whole person impairment for ulnar nerve dysfunction. Combining the impairment, Dr. Mukkamala found 4% impairment for each upper extremity for a combined total of 8% whole person impairment. On February 16, 2018, the Office of Judges reversed the January 30, 2017, Order of the claims administrator and granted Mr. Clegg an additional 3% whole person impairment for his ulnar neuropathy.

By Order dated January 16, 2018, the claims administrator denied the December 7, 2017, request from Dr. deGarmeaux for Mr. Clegg to receive hand therapy at the Wheeling Hospital Occupational Hand Therapy Center. Mr. Clegg protested the claims administrator's denial of his request for therapy.

The Office of Judges reversed the claims administrator's decision and approved hand therapy on April 17, 2018. In its Order, the Office of Judges concluded that it was more likely than not that Mr. Clegg's current hand issues were related to the 2008 compensable injury and noted, "[e]ven if the petitioner has non-compensable issues like aging, treatment does not need to be solely for the compensable condition when the same body part is involved." Ohio Power Company appealed. By Order dated September 24, 2018, the Board of Review reversed the decision of the Office of Judges and reinstated the original denial of hand therapy.

On appeal, Mr. Clegg argues that the claims administrator is required to provide medically necessary and reasonably required medical treatment pursuant to West Virginia Code § 23-4-3 (2019) and West Virginia Code of State Rules § 85-20 (2006). He further argues that Dr. deGarmeaux has been his treating physician since 2009 and is the physician most familiar with his problems and limitations. Mr. Clegg argues that the Board of Review's decision is clearly wrong and the opinion of Dr. deGarmeaux should be given greater weight compared to the one-time evaluation performed by Dr. Mukkamala.

After review, this Court agrees with the Board of Review. In its September 24, 2018, Order, the Board of Review concluded that an appointment/referral to Wheeling Hospital Hand Therapy Center was not medically necessary or reasonably required in the course of treatment for the compensable injury. Dr. deGarmeaux requested authorization for hand therapy on December 7, 2017. However, Dr. Mukkamala determined on December 13, 2017, that Mr. Clegg had reached his maximum degree of medical improvement and was not in need of additional medical treatment. The Board of Review correctly determined that the evidence does not establish that Mr. Clegg's need for bilateral upper extremity hand therapy, over eight years after he last worked, is related to his compensable injury.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it so clearly wrong based upon the evidentiary record that even when all inferences are resolved in favor of the Board of Review's findings, reasoning and conclusions, there is insufficient support to sustain the decision. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: November 1, 2019**

**CONCURRED IN BY:**
Chief Justice Elizabeth D. Walker
Justice Tim Armstead
Justice Evan H. Jenkins
Justice John A. Hutchison

**DISSENTING:**
Justice Margaret L. Workman